UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EXPRESS SCRIPTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV01409JCH |
| | ) | |
| EDEN SURGICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Eden Surgical Center's Motion to Dismiss Plaintiff's Complaint ("Motion") (Doc. No. 14).[1] This matter is fully briefed and ready for disposition.

## **BACKGROUND**

In April 2010, Defendant Eden Surgical Center ("Eden" or a "Defendant"), an ambulatory surgical center in Los Angeles County, California, provided medical services to patient Cherina Pegenia. Pegenia is a former employee of Express Scripts, Inc. ("Express Scripts" or "Plaintiff") and a participant in the Express Scripts, Inc. Health Plan ("the Plan"). Prior to receiving medical services, Pegenia executed an "Assignment of ERISA Benefits and Rights; Appointment of Administrative Representative" ("the Assignment") naming Defendant as her assignee. Pursuant to the Assignment, Pegenia transferred her "personal standing under ERISA's disclosure and civil enforcement procedures under 29 U.S.C. §§1024 and 1132 ... so that [Defendant] may seek judicial review of

---

[1] Although Defendant labels its Motion as only a Motion to Dismiss, the text of the Memorandum in Support of the Motion indicates that, in the alternative, Defendant seeks transfer for the case to the Southern District of California.

denied claims under 29 U.S.C. §1132(a)(1)(B), 29 U.S.C. §1132(a)(1)(A), and/or 29 C.F.R. §2560.503.1."

Defendant submitted claims to the Plan for payment of medical benefits based upon medical services provided to Pegenia. Thereafter, third-party administrator Blue Cross/Blue Shield processed the claim on behalf of the Plan and forwarded an adverse benefit determination and explanation of benefits to Pegenia.

Defendant, as Pegenia's assignee, formally requested ERISA disclosures pursuant to 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1 and appealed the benefit determination. Defendant also threatened suit pursuant to 29 U.S.C. §1132(c)(1) if Plaintiff failed to produce sufficient documentation. After providing some documents, Plaintiff, in its capacity as Plan Administrator, filed suit against Defendant. Plaintiff alleges a cause of action for declaratory relief pursuant to 28 U.S.C. §§2201[2] and 2202[3], and 29 U.S.C. §1132(a).[4] Plaintiff seeks declaratory relief that it has provided all of the documents required by 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1. On September 7, 2010, Defendant filed the instant Motion.

---

[2]28 U.S.C. §2201(a) provides: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

[3]28 U.S.C. §2202 provides: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

[4]29 U.S.C. §1132 provides a civil enforcement mechanism under ERISA. ERISA permits fiduciaries, such as Plaintiff to bring causes of action pursuant to §1132(a)(2), which permits a civil action "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title," or pursuant to §1132(a)(3), which permits a civil action "by a participant, beneficiary, or fiduciary(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

**STANDARD FOR MOTION TO DISMISS**

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint. In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)); Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted) (The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." C.N. v. Willmar Pub. Sch., 591 F.3d 624, 630 (8th Cir. 2010)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 78 S. Ct. 99 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

**DISCUSSION**

**I.  Motion to Dismiss**

The Complaint alleges that this Court has personal jurisdiction over Defendant pursuant to ERISA's venue statute, 29 U.S.C. §1132(e)(2). ERISA's broad venue statute provides that "[w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides

or may be found." In the Complaint, Plaintiff alleges this Court has personal jurisdiction over Defendant because the Plan is administered in this District.[5]

Defendant asserts that Plaintiff cannot support an ERISA claim under §1132 and, therefore, cannot invoke ERISA's venue statute. (Defendant's Memorandum in Support of its Motion to Dismiss ("Memorandum"), Doc. No. 15-1, p. 6). Defendant claims that Plaintiff has not articulated--and cannot articulate--the subchapter of ERISA upon which it premises its suit. (Memorandum, pp. 5-6). Defendant claims that Plaintiff cannot maintain a cause of action under any of ERISA's civil enforcement provisions for two primary reasons. (Memorandum, pp. 5-8 (citing Gulf Life Ins. Co. v. Arnold, 809 F.2d 1520, 1523 (11th Cir. 1987)). First, Plaintiff's action is defensive in nature and does not seek "to enforce" any terms of the Plan. Second, Plaintiff, as a fiduciary, cannot bring an action under §1132(a)(1).[6] Only participants or beneficiaries can bring a claim for benefits under this section. (Id. (citing Gulf Life Ins. Co., 809 F.2d at 1523-24).

In response, Plaintiff asserts that it is bringing an ERISA claim pursuant to 29 U.S.C. §1132(a)(3)(B)(ii), which allows fiduciaries to obtain other appropriate equitable relief to enforce any provisions of this title or the terms of the plan. (Response, pp. 7-8). Plaintiff argues that it is seeking to enforce ERISA's disclosure provisions under 29 U.S.C. §1024(b)(4).[7] (Response, p. 8-9).

---

[5]The parties do not dispute that the Plan is administered in this District. (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Response"), Doc. No. 21, p. 8).

[6]ERISA defines a "fiduciary" to include a person who "has any discretionary authority or discretionary responsibility in the administration of [an employee benefit] plan." 29 U.S.C. § 1002(21)(A)(iii); see also 29 U.S.C. § 1002(21)(A)(i) ("fiduciary" includes one who "exercises any discretionary authority or discretionary control respecting management of [an employee benefit] plan or exercises any authority or control respecting management or disposition of its assets").

[7]29 U.S.C. §1024(b)(4) provides, in pertinent part, that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

Accordingly, Plaintiff asserts that it has properly alleged an equitable cause of action for declaratory judgment under ERISA and can avail itself of the ERISA venue statute.

The Court holds that Plaintiff properly alleges an equitable cause of action for declaratory judgment under §1132(a)(3)(B)(ii). Plaintiff seeks the Court's declaration that it has complied with ERISA's disclosure requirements. The Court finds this relief to be equitable, not legal, in nature. Plaintiff, as a fiduciary, can pursue such relief. See Board of Trustees of the CWA/ITU Negotiated Pension Plan v. Weinstein, 107 F.3d 139, 142 (2d Cir. 1997) ("The Administrators' request for equitable relief in the form of a declaratory judgment that ERISA § 104(b)(4) does not require disclosure of the actuarial valuation reports demanded by Weinstein constituted a request for the enforcement of that section in accordance with plaintiffs' interpretation of its scope." See also Ozburn-Hessey Logistics, LLC v. Eden Surgical Ctr., No. 3:10-00228, 2010 U.S. Dist. LEXIS 61029, at *7-11 (M.D. Tenn. June 18, 2010) (denying motion to dismiss for improper venue where plaintiff/fiduciary requested a declaration that it had not violated any of the requirements of 29 U.S.C. § 1024(b)(4) and had established venue pursuant to ERISA's broad venue provision, 29 U.S.C. §1132(e)(2)). Given that Plaintiff states a cause of action under ERISA, this Court has subject matter and personal jurisdiction over Plaintiff's claims because the Plan is administered in this District. See NGS Am., Inc. v. Jefferson, 218 F.3d 519, 524 (6th Cir. Mich. 2000) ("Personal jurisdiction under § 1132(e)(2) depends upon subject matter jurisdiction under § 1132(a)(3)").

Likewise, Gulf Life Ins. Co. is not dispositive of Plaintiff's claim because that case involved a claim for severance benefits pursuant to ERISA, not declaratory relief. That is, Gulf Life Ins. Co. involved a legal question, not an equitable question. Under §1132, a fiduciary can bring an equitable cause of action but not a legal cause of action to enforce the Plan. See §1132(a)(3)(B)(ii) (permitting fiduciaries to obtain other appropriate equitable relief to enforce any provisions of ERISA); cf.

§1132(a)(1) (allowing only participants or beneficiaries to bring a civil action to recover benefits). Therefore, the holding in Gulf Life Ins. Co. that a fiduciary cannot invoke ERISA's liberal venue provision in a suit regarding liability for severance benefits under an ERISA-qualified plan has no bearing on the instant action.

Further, the Court does not find that the Complaint, as pleaded, seeks legal relief. Defendant asserts that the true nature of the lawsuit is legal in nature because the underlying claim "would be by Defendant for disclosure and statutory penalties under §1132(c)(1)." (Reply to Plaintiff's Memorandum in Opposition of Dismissal ("Reply"), Doc. No. 26, p. 3). Defendant claims that if it had filed first as a plaintiff, then it potentially could have sought statutory penalties. (Id.) The Court finds Defendant's characterization of Plaintiff's claims as legal to be speculative. Unlike in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209 (2002),[8] Plaintiff is seeking only equitable relief in the form of declaratory judgment that it has satisfied ERISA's disclosure requirements. See id. at 210 (citing Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993)) (the term "equitable relief" under ERISA must refer to "those categories of relief that were typically available in equity . . . ."). Statutory penalties are not part of the Complaint and, if Plaintiff has met its obligations, will never come to pass. The Court cannot postulate that Defendant would seek a civil fine against Plaintiff or if such relief would be proper.

Accordingly, the Court finds that Plaintiff's Complaint states a claim under ERISA. The statute provides that a fiduciary may obtain equitable relief, including the type of declaratory relief

---

[8]Great-West, cited by Plaintiff, was a subrogation case where the Supreme Court determined that the plan administrator was not seeking equitable relief in the form of specific performance or restitution. Rather, the Court determined that the plan administrator actually was seeking legal relief or the enforcement of a contractual obligation to pay money. See id. at 210 ("petitioners seek, in essence, to impose personal liability on respondents for a contractual obligation to pay money -- relief that was not typically available in equity").

sought by Plaintiff. The Court holds that Plaintiff can avail itself of the venue provision under ERISA and this Court has personal and subject matter jurisdiction over Plaintiff's claim. Defendant's Motion is denied.

## II.     Motion to Transfer

Defendant argues, in the alternative, that this Court should transfer Plaintiff's action to the Central District of California, "where Defendant's business is located and where this dispute arose." (Memorandum, p. 17). 28 U.S.C. § 1404(a) governs the ability of a federal district court to transfer a case to another venue. That provision provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Id. "The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997).

Although Defendant summarily concludes that "[t]here is no reasonable basis for conducting this litigation in Missouri," the Court finds adequate basis for refusing to transfer this action. Most importantly, a plaintiff's choice of forum is entitled to great deference. See Fru-Con Constr. Corp. v. Controlled Air, Inc., 574 F.3d 527, 540 (8th Cir. 2009) (citing Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997)); Ozburn-Hessey Logistics, LLC, 2010 U.S. Dist. LEXIS 61029, at *9. In addition, the Plan is administered in Missouri. Finally, there is no evidence that transferring this action would improve accessibility of witnesses. Defendant states only that its business is located in California. The Court can infer that because Plaintiff administers the Plan in Missouri that it would likely have witnesses here. Accordingly, the Court denies Defendant's request to transfer this action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Eden Surgical Center's Motion to Dismiss Plaintiff's Complaint (Doc. No. 14) is **DENIED**.

Dated this 18th day of November, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE